IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Florence Betz,                  :

    Plaintiff,            :    Case No. 2:12-cv-1122

  v.                            :    JUDGE ALGENON L. MARBLEY
                                          Magistrate Judge Kemp
Penske Truck Leasing
Co., L.P.,                      :

    Defendant.            :

REPORT AND RECOMMENDATION

    This case is before the Court to consider a motion to remand filed by Plaintiff Florence Betz, which has been referred to the Magistrate Judge for a Report and Recommendation.  (Doc. #10).  For the reasons that follow, the Court recommends that the motion be granted to the extent that it seeks remand of this case to the Franklin County Court of Common Pleas but denied to the extent that it seeks a fee award.

I. Introduction

    On May 25, 2010, Ms. Betz brought this action in the Franklin County Court of Common Pleas against Penske Truck Leasing Co., L.P. ("Penske"), asserting breach of an oral and written contract relating to a life insurance plan.  The insurance plan at issue is sponsored by Penske, which employed Ms. Betz's deceased husband.

    On March 1, 2011, Penske filed a motion for summary judgment alleging that it was not a proper party to the lawsuit because it is merely a plan administrator under the Employee Retirement Income Security Act of 1974 ("ERISA").  Penske argued that because ERISA provides no liability for plan administrators, it was entitled to summary judgment.  The Franklin County Court of

Common Pleas granted Penske's motion.

Ms. Betz appealed the ruling on Penske's motion for summary judgment to the Ohio Tenth District Court of Appeals, also arguing that the Court of Common Pleas abused its discretion in failing to allow her to file an amended complaint. (Id. at 3). On appeal, Penske argued for the first time that ERISA preempted Ms. Betz's claims. Although the Court of Appeals held that ERISA applied to Ms. Betz's claims, it likewise found that Penske had waived its arguments concerning ERISA preemption by failing to assert them in the trial court. The Court of Appeals further held that the trial court abused its discretion in denying Ms. Betz's motion to file an amended complaint. See Betz v. Penske Truck Leasing Co., L.P., No. 11AP-982, 2012 WL 3133089 (10th Dist. Aug. 2, 2012).

Following the appellate decision, on November 9, 2012, Ms. Betz filed an amended complaint alleging four additional state law claims. On December 5, 2012, Penske filed a notice of removal in this Court, invoking this Court's federal question jurisdiction. (Doc. #2).

On December 19, 2012, Ms. Betz filed a motion to remand and for attorneys fees, arguing that Penske's removal is untimely. (Doc. #10). Specifically, Ms. Betz asks that this action be remanded to the Franklin County Court of Common Pleas because Penske failed to file the notice of removal within thirty days after receipt of the initial pleading. (Id.) Penske filed an opposition to motion, arguing that the claims in the amended complaint are the basis for the removal and, consequently, its removal is timely. (Doc. # 11). Ms. Betz filed a reply in support of her motion, contending that the "long expired right of removal was not revived by the filing of a first amended complaint that merely added additional state law claims." (Doc. #14 at 1). For the reasons that follow, this Court agrees with

-2-

Ms. Betz that remand is appropriate.

## II. Discussion

The issue before this Court is whether the removal is timely. Removal must be effected within thirty days of the "initial pleading" in state court. 28 U.S.C. §1446(b). If the case stated by the initial pleading is not subject to removal, removal must be effected within thirty days of the pleading "from which it may first be ascertained that the case is one which is or has become removable." Id. A failure to remove the case within the thirty-day period waives the right, making a subsequent attempt to remove the case improper. See Davidson v. Life Ins. Co. of North America, 716 F. Supp. 674, 675 (D. Mass. 1989).

"The Sixth Circuit has held that the statute conferring removal jurisdiction is to be construed strictly, because removal jurisdiction encroaches on a state court's jurisdiction." Mitchell v. Lemmie, 231 F. Supp 2d 6923, 697 (S.D. Ohio 2002). The removing party bears the burden of demonstrating removal within thirty days, and a failure to do so results in a bar to removal. See Thomas v. Columbia Sussex, No. 2:08-cv-182, 2008 WL 2303046, at *2 (S.D. Ohio May 30, 2008). Accordingly, the Court must determine when the case became removable.

Penske argues that Ms. Betz's addition of four new claims in the amended complaint provided a proper basis for removal. Because Penske filed its notice of removal within thirty days of the filing of the amended complaint, Penske contends that the removal is timely.

Under the relevant law, however, once the thirty-day period for removal has elapsed, it is not revived by the addition of new state law claims based on the same facts alleged in the original complaint. See, e.g.,Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273 (C.D. Cal. 2001) (holding that addition of a claim did not "so

fundamentally alter the nature of the case as to revive" a waived right to removal); Davidson, 716 F. Supp. at 675 (finding that remand was proper because the original complaint was preempted by ERISA and the amended complaint did not file a new, independent basis for purposes of the thirty-day period for removal).  Stated differently, the thirty-day period for removal is only subject to revival if an amendment provides a new basis for removal or changes "the character of the litigation so as to make it substantially a new suit." Pearson v. Gerber Prods. Comp., 788 F. Supp. 410, 412-13 (W.D. Ark. 1992) (citation omitted).

Because the state law claims in the original complaint were preempted by ERISA, this case was removable within thirty days of being filed on May 25, 2010.  Ms. Betz's addition of four more state law claims that are likewise preempted by ERISA does not change the essential nature of the litigation.  See Davidson, 716 F. Supp. at 676 ("Plaintiff's addition of an ERISA claim to a lawsuit already preempted by ERISA does not change the essential nature of the litigation").  Here, Penske concedes that the new claims arise from the facts alleged in original complaint, stating that "[a]ll claims alleged in this action arise out of the same common nucleus of operative facts; namely, Plaintiff's claim to additional life insurance benefits under an ERISA plan . . . ." (Doc. #11 at 5).  By failing to remove the case within the thirty days after the original complaint, Penske waived its right to removal.  Under these facts, that right was not revived by the filing of the amended complaint.  Consequently, Penske has failed to satisfy its burden of demonstrating that the removal is timely.

Although the Court recommends that the remand be granted on the grounds that it is untimely, it does not recommend that the improper removal warrants a fee award.  An order remanding the case "may require the payment of just costs and any actual

expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §1447(c). A fee award is granted only if, in the Court's discretion, unusual circumstances exist or the removing party lacked an objectively reasonable basis for seeking removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (stating that "the standard for awarding fees should turn on the reasonableness of the removal"); see also Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1059-60 (6th Cir. 2008)(noting that fee awards fall "squarely within the discretion of the district court" but are "subject to the guidance set forth by the Supreme Court" in Martin, 546 U.S. at 141). Whether the circumstances presented are unusual and thus warrant an award of fees is within the Court's discretion, and an example includes the failure to disclose facts necessary to determine jurisdiction. See Martin, 546 U.S. at 141. Because the Court finds that Penske had an objectively reasonable basis for removing the case to federal court and no unusual circumstances exist, the Court recommends that Ms. Betz's motion be denied to the extent that it seeks a fee award.

### III. Conclusion

For the reasons set forth above, the Court recommends that Ms. Betz's motion to remand be granted in part and denied in part. (Doc. #10). The Court recommends the motion be granted to the extent that it seeks remand of this case to the Franklin County Court of Common Pleas. The Court recommends that the motion be denied to the extent that it seeks a fee award.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together

with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

    The parties are specifically advised that failure to object to the _Report and Recommendation_ will result in a waiver of the right to have the district judge review the _Report and Recommendation de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the _Report and Recommendation_.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

    /s/ Terence P. Kemp
    United States Magistrate Judge